IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY J. CATERBONE | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-5139 |
| v. | : | |
| LANCASTER COUNTY COURT OF COMMON PLEAS, and THE DISTRICT ATTORNEY OF THE COUNTY OF LANCASTER, PA, | : | |
| Respondents. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                        January 29, 2019

The *pro se* petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 relating to a 10-year sentence of probation that he received in November 2018. The petitioner acknowledges that he is currently prosecuting an appeal from that sentence in the Pennsylvania appellate courts. As the petitioner has failed to exhaust his available state remedies before filing the instant petition, the court will dismiss the petition without prejudice to the petitioner to refile it once he has fully exhausted his claims in the state courts.

### **I. PROCEDURAL HISTORY**

The *pro se* petitioner, Stanley J. Caterbone ("Caterbone"), filed an application for leave to proceed *in forma pauperis* and a petition for a writ of habeas corpus on November 23, 2018. *See* Doc. Nos. 1, 2. Caterbone filed a motion for a hearing on December 11, 2018. *See* Doc. No. 4. On December 13, 2018, Caterbone filed a "Motion for Payment of Pro Se Billings" in which he attempted to recover a total of $1,499,313.00 relating to 181 court cases in which he has been involved from March 2007 to November 31, 2018. *See* Doc. No. 5. On the following day,

Caterbone filed a copy of the transcript of a sentencing hearing on November 5, 2018. *See* Doc. No. 6.

On January 2, 2019, this court entered an order granting Caterbone's application for leave to proceed *in forma pauperis*. *See* Order at 1, Doc. No. 7. Because Caterbone failed to submit his habeas petition on the proper form as required by Local Civil Rule 9.3(a), the court also (1) directed the clerk of court to furnish Caterbone with a blank copy of the court's standard form for filing a petition pursuant to 28 U.S.C. § 2254, and (2) required Caterbone to complete and return the standard form section 2254 habeas petition within 30 days of the order.[1] *See id.* at 2. The court further denied the motion for a hearing as premature and denied the motion for payment of *pro se* billings as improper. *See id.* at 2 & n. 4, 5.

Caterbone filed the instant section 2254 habeas petition using the court's standard form on January 8, 2019. *See* Doc. No. 8. In the petition, Caterbone asserts that at Docket No. CP-36-CR-6520-2017 in the Court of Common Pleas of Lancaster County, a jury convicted him of one count of Recklessly Endangering Another Person[2] and two counts of Simple Assault on August 22, 2018.[3] *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF pp. 11, 12, Doc. No. 8. The Honorable Dennis E. Reinaker sentenced Caterbone to 10 years' probation on November 5, 2018. *See id.* at ECF p. 11. Caterbone has filed an appeal from his judgment of sentence to the Superior Court of Pennsylvania, which he asserts is "pending" and docketed at No. 1972 MDA 2018. *See id.* at ECF p. 12.

---

[1] In the order, the court noted that in Caterbone's habeas petition, the only section of the habeas statute that he referenced is 28 U.S.C. § 2242. *See* Jan. 2, 2019 Order at 2, n.2 (citing Habeas Pet. at 1, 2, Doc. No. 2). The court also noted that section 2242 does not provide a basis for habeas relief. *See id.* The court determined that because it appeared that Caterbone was challenging aspects of a sentence of probation that he received in the Court of Common Pleas of Lancaster County, he was attempting to proceed under section 2254. *See id.*

[2] 18 Pa. C.S. § 2705.

[3] 18 Pa. C.S. §§ 2701(a)(1), (a)(3).

2

In support of his habeas petition, Caterbone identifies the following grounds for relief:

A) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to have a CHANGE IN VENUE to another jurisdiction outside the County of Lancaster.**

B) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to provide testimony of past incidents of selective and malicious prosecution by the Lancaster County District Attorney's Office.**

C) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to provide as evidence past incidents of harassment and threats by the occupants of 1252 Fremont Street in the form of photos.**

D) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to enter into evidence or mention the attack, hospital report, and photos of the pit bull attack in June of 2016.**

E) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to provide into evidence and testimony the past complaints to law enforcement of the previous tenants and owners of 1252 Fremont Street.**

F) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to enter into evidence or provide testimony of the numerous filed or pending law suits against the Lancaster City Bureau of Police or the Lancaster County District Attorney's Office.**

G) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to enter into evidence or provide testimony of the fact that the complainants and witnesses provided perjured testimony as it relates to just about every facet of the criminal complaint and that the Lancaster City Bureau of Police knew as such.**

H) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to enter into evidence or provide testimony the facts surrounding the WHISTLEBLOWER ACTIVITIES AND ONGOING LEGAL BATTLES WITH THE FEDERAL GOVERNMENT PERTAINING TO SUCH.**

I) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to enter into evidence or provide testimony the facts surrounding the VICTIMIZATION OF U.S. SPONSORED MIND CONTROL AND ONGOING LEGAL BATTLES WITH THE FEDERAL GOVERNMENT PERTAINING TO SUCH.**

J) **DEFENDANT STAN J. CATERBONE'S Defense was not allowed to have another court appointed attorney for representation outside of the LANCASTER PUBLIC DEFENDERS OFFFICE** [sic] **DUE TO THE**

> PAST HISTORY, AS WAS DONE IN THE FLEEING CASE (Janich Longer) OF 2006-2007, WHICH JUDGE REINAKER HAD PRESIDED OVER THE FIRST TRIAL WHICH RESULTED IN A HUNG JURY.
>
> K) **THE ADDITIONAL CHARGES ADDED BY ADA JAMES REEDER WAS NOTHING MORE THAN MALICIOUS PROSECUTION, OBSTRUCTION OF JUSTICE, AND VEXATIOUS LITIGATION.**
>
> L) **DEFENDANT STAN J. CATERBONE'S** Defense was not allowed to enter into evidence or provide testimony the facts surrounding the **ORGANIZED OR GANG STALKING ACTIVITIES OF THE LANCASTER COUNTY COMMUNITY-AT-LARGE.**

*Id.* at ECF p. 30 (emphasis in original). For his requested relief, Caterbone requests that the court dismiss all charges and seeks a "**HEARING ON THE MOTION TO PAY PRO SE BILLINGS re VEXATIOUS LITIGATION AND MALICIOUS PROSECUTION BY THE LANCASTER CITY POLICE DEPARTMENT AND THE LANCASTER COUNTY DISTRICT ATTORNEY**." *Id.* at ECF p. 25 (emphasis in original).

## II. DISCUSSION

According to Caterbone's habeas petition, he is currently challenging his conviction and sentence in the Superior Court of Pennsylvania. *See id.* at ECF pp. 12, 23. In the court's January 2, 2019 order in this matter, the court raised a concern to Caterbone because it appeared that he filed the instant petition before exhausting his state court remedies insofar as he had a pending appeal in the Superior Court. *See* Order at 2, n.3. As the court previously explained to Caterbone, "[i]t is axiomatic that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citation omitted); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State

4

corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."). To exhaust state remedies, a petitioner must invoke "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). The petitioner generally bears the burden to prove all facts establishing exhaustion. *See Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993) ("The habeas petitioner bears the burden of proving that he has exhausted available state remedies." (citations omitted)).

Courts require habeas petitioners to exhaust state remedies because it "addresses federalism and comity concerns by afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Lambert*, 134 F.3d at 513 n.18 (citation and internal quotation marks omitted). Thus, even though the exhaustion requirement is a comity concern and not a jurisdictional concern, it "should be strictly adhered to because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (citation omitted). In addition, "[e]qually as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

Here, seemingly in response to the footnote in the court's order (and despite also indicating that his appeal is pending in the Superior Court), Caterbone claims that he did not exhaust his state remedies on the grounds raised in the instant petition because "**Lancaster County DISMISSED [his] PRO SE NOTICE OF APPEAL TO PENNSYLVANIA SUPERIOR COURT**." Pet. at ECF p. 17. He also references his additional typewritten pages he has attached to his habeas petition and, on one of those pages, he asserts that "[a]n appeal of Case No. CP-36-CR-0006520-

5

2017 was also filed in the Superior Court of Pennsylvania – but remanded back to the Clerk of the Lancaster County Court of Common Pleas on November 20, 2018 for docketing first in that court."[4]  *Id.* at ECF p. 46.

Despite Caterbone's assertion that something amiss happened with his notice of appeal, the publicly available docket entries for Caterbone's cases with both the Court of Common Pleas of Lancaster County and the Superior Court of Pennsylvania demonstrate that he still has a direct appeal pending disposition in the Superior Court of Pennsylvania.  *See* Docket, *Commonwealth v. Caterbone*, No. CP-36-CR-6520-2017 (C.P. Lancaster), *available at*: https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-36-CR-0006520-2017&dnh=lAevVH90Ydy0HBKsRkckvw%3d%3d (last visited January 28, 2019) ("CP Docket"); Docket, *Commonwealth v. Caterbone*, No. 1972 MDA 2018 (Pa. Super.), *available at*: https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1972+MDA+2018&dnh=t0oLVhwN5cSdYRFDVXNY9g%3d%3d (last visited January 28, 2019).[5]  In addition, presuming that Caterbone is accurately stating that Superior Court "remanded" the notice of appeal to the Court of Common Pleas for docketing, this act does not somehow constitute a dismissal of the appeal.  Instead, the Superior Court would have transferred an erroneously filed notice of appeal to the Court of Common Pleas because that court is the place where Caterbone should have first filed the notice of appeal.  *See* Pa. R.A.P. 902 ("An appeal permitted by law as

---

[4] The court located this sentence among numerous statements in a document titled "Stan J. Caterbone Complete Mental Health Record to Date."  *See* Pet. at ECF p. 46.

[5] The court takes judicial notice of these docket sheets insofar as they are public state court records.  *See, e.g.*, *Temple v. Geroulo*, Civ. A. No. 3:CV-10-2553, 2011 WL 3876041, at *1, n.4 (M.D. Pa. Jan. 24, 2011) (taking judicial notice of Court of Common Pleas docket sheet for underlying criminal case in habeas action as part of preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).

It appears that both Caterbone and his counsel separately filed notices of appeal.  *See* CP Docket (showing *pro se* notice of appeal filed on November 26, 2018, and counseled notice of appeal filed on December 5, 2018).  After Caterbone's counsel filed a notice of appeal, the trial court entered an order under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure requiring counsel to file a concise statement of the errors complained of on appeal.  *See id.*  Counsel appears to have filed a concise statement on December 21, 2018.  *See id.*

of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court[.]"); Pa. R.A.P. 751 (providing procedure for transferring erroneously filed cases). Moreover, while an appellant seeking to appeal from a judgment of sentence in a criminal case must first file a notice of appeal in the trial court, this court has not located any legal support that would allow the trial court to dismiss a notice of appeal filed. In fact, even under the Rules of Criminal Procedure addressing circumstances where a *pro se* party files a document while represented by counsel, *i.e.* hybrid representation, the procedure for handling such filings is to docket them and provide notice to counsel of the submission, not to dismiss the submission. *See* Pa.R.Crim.P. 576(A)(4) ("In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file."). The court cannot find any legal basis that would permit a Court of Common Pleas to dismiss an appeal filed; instead, only an appellate court could take such an action.

At bottom, the record currently before the court shows that Caterbone has prematurely filed the instant petition before fully exhausting his available state remedies. His attempts to avoid dismissal but providing contradictory statements in his petition are unavailing. Caterbone must complete the available state remedies before filing the action here. Therefore, the court must dismiss this action without prejudice to Caterbone to refile a petition once he has fully exhausted his available state remedies.

### III. CERTIFICATE OF APPEALABILITY

To be entitled to a certificate of appealability, Caterbone would have to show that, *inter alia*, reasonable jurists would debate whether this court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("To obtain a COA under § 2253, a habeas petitioner must

7

make a substantial showing of the denial of a constitutional right, a demonstration that ... includes a showing that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement further." (internal citations and question marks omitted)). The court does not find that a reasonable jurist would disagree with the court's assessment of Caterbone's claims; accordingly, the court will not issue a certificate of appealability.

## IV. CONCLUSION

At this early stage in the proceedings, this court must determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Caterbone has attempted to navigate around the fact that he has failed to exhaust his state court remedies, he cannot avoid his acknowledgement that he has a current pending appeal with the Superior Court of Pennsylvania and the court's review of the publicly available docket entries confirming that an appeal is still pending. Accordingly, as Caterbone has failed to properly exhaust his available state court remedies before filing this petition, the court will dismiss the petition without prejudice to him refiling it once he has fully exhausted his state court remedies. The court will not issue a certificate of appealability.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.